**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Sara Long**, OSB No. 224433
Email: saralong@lmhlegal.com
**Bailey McQueeny-Rose**, OSB No. 253735
Email: bailey@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DEVIN ROWELL**, <br><br>Plaintiff, <br><br>vs. <br><br>**TEQUILA THURMAN and CARRIE HUTCHISON**, <br><br>Defendants. | Case No.  3:26-cv-1184 <br><br>**COMPLAINT** <br><br>**Civil Rights Violation 42 U.S.C. § 1983** <br><br>**Jury Trial Demanded** |

Plaintiff Devin Rowell, by and through his attorneys, alleges as follows:

**NATURE OF ACTION**

1.      This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Plaintiff Devin Rowell. Rowell served 319 days in prison based on a lie. Portland Police Officers Carrie Hutchison and Tequila Thurman conspired to manufacture evidence that Mr. Rowell sold heroin leading to

COMPLAINT - 1
(Case No. 3:26-cv-1184)

the overdose death of C.C. In fact, both Thurman and Hutchison knew that C.C. was alive, but they lied and claimed that he was dead. The prison sentence Rowell accepted was based entirely on the Defendants' lies. Were it not for Defendants' lies, Rowell would not have received a prison sentence at all. He files this lawsuit to obtain compensation for the 319 days he spent in prison.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343 because the causes of action arise under 42 U.S.C. § 1983.

3.      Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon and because Defendants are subject to personal jurisdiction in the District of Oregon.

## PARTIES

4.      Plaintiff Devin Rowell is, and at all relevant times was, a resident of the State of Oregon.

5.      Defendant Tequila Thurman was at all relevant times a police officer with the Portland Police Bureau, employed by the City of Portland. She is sued in her individual capacity.

6.      Defendant Carrie Hutchison was at all relevant times a police officer with the Portland Police Bureau, employed by the City of Portland. She is sued in her individual capacity.

## FACTUAL ALLEGATIONS

7.      In the early morning hours of May 23, 2015, C.C. and two to four of his friends used heroin together. C.C. obtained the heroin from his roommate, David Roche.

8.      C.C. was already intoxicated from alcohol at the time he ingested the heroin.

9.      C.C. has sleep apnea, and around 3:00 AM, over an hour after using the heroin, C.C. was alive and snoring loudly.

COMPLAINT - 2
(Case No. 3:26-cv-1184)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

10.    Around 6:30 AM, approximately five hours after using the heroin, one of C.C.'s friends noticed that C.C. had blood coming out of his nose. He could not wake C.C., so he called 9-1-1.

11.    Portland Police Bureau ("PPB") Officers Matthew Brown and Bryan Lloyd were the first to respond to C.C.'s apartment. They performed CPR on C.C. until paramedics arrived and took over.

12.    Paramedics were able to get a pulse on C.C. and transported him to the hospital for further treatment.

13.    PPB's Drugs and Vice Division assigned Defendants, Officer Hutchison and Officer Thurman, to investigate.

14.    Defendants focused their investigation on "moving up the supply chain" in an attempt to determine who David Roche. purchased the heroin from, and who they purchased it from, and so on.

15.    Late in the morning of May 23, 2015, Defendant Thurman went to the hospital and spoke with C.C.'s girlfriend, C.S., who was at the hospital with C.C.

16.    C.S. told Defendant Thurman that C.C. was alive.

17.    On May 26, 2015, Defendant Thurman authored a report about her conversation with C.S., but Thurman did not include the fact that C.C. had survived the suspected overdose.

18.    At the time Defendant Thurman wrote that report, she knew that C.C. was alive.

19.    On May 27, 2025, Defendant Hutchison authored a report in which she wrote that Thurman interviewed the "two individuals that were with [C.C.] the night before his death."

20.    At the time Defendant Hutchison wrote that report, she knew that C.C. was alive.

COMPLAINT - 3
(Case No. 3:26-cv-1184)

21. On or about June 5, 2015, PPB officers detained or arrested Rowell for his role in C.C.'s overdose.

22. Defendants told Rowell that he had sold heroin that led to the overdose death of C.C. and told him that he was likely facing ten years in prison, unless he cooperated with their investigation and disclosed the identity of his supplier.

23. In response, Rowell gave consent for PPB to search his phone and fully cooperated in Defendants' investigation by calling his supplier and providing Defendants with additional information. Defendants released Rowell that same day with the cash he had on him.

24. Throughout the month of June 2015, Deputy District Attorney Ryan Lufkin investigated and presented cases against Rowell and the other individuals in the chain of supply to grand juries in Multnomah County.

25. On or about August 14, 2015, Rowell was arraigned in Multnomah County Circuit Court.

26. DDA John Copic was assigned as the prosecutor for Rowell's case. DDA Copic told Rowell's attorney that if Rowell did not accept a long prison sentence, Copic would refer the case to federal prosecutors to prosecute Rowell for the death of C.C.

27. In federal court, anyone in the chain of distribution of controlled substances where the controlled substances lead to the death of another person faces a mandatory minimum sentence of 20 years in federal prison and a maximum of life.

28. DDA Copic eventually made a plea offer of 13 months with no possibility of drug treatment, so long as Rowell stipulated to higher sentencing gridblock than required and put on the record, under oath, that he sold heroin to Jeremiah Cook (the person under him in the alleged chain

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

of distribution) and that he purchased the heroin from Adam Gregg (the person above him in the alleged chain of distribution).

29.    Rowell accepted the plea offer, believing Copic's threat was genuine.

30.    Rowell had been requesting treatment in lieu of a prison sentence. But for the alleged death of C.C., the DA's office would have offered to send Rowell to drug court, where he would have been eligible for treatment programs.

31.    Rowell was imprisoned from August 13, 2015, to June 28, 2016.

32.    On or around December 10, 2024, Rowell and the Multnomah County District Attorney's Office jointly petitioned the court to vacate and dismiss Rowell's conviction because it was obtained based on the false statement that C.C. had died.

33.    On or around December 23, 2024, the court granted that motion vacating and dismissing the case.

34.    Rowell was harmed by Defendants' acts and omissions.

**FIRST CLAIM FOR RELIEF**
**(Malicious Prosecution – 42 U.S.C. § 1983)**
**(Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)**
**(Against Both Defendants)**

35.    Plaintiff realleges and incorporates by reference the above paragraphs.

36.    Defendants were acting under color of state law.

37.    Defendants concealed exculpatory evidence or fabricated evidence to suggest that Plaintiff caused the death of C.C. There was no probable cause to believe that Plaintiff caused the death of C.C. because C.C. was alive.

38.    Defendants acted with malice and the specific purpose that Plaintiff would be imprisoned for a crime he did not commit in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

COMPLAINT - 5
(Case No. 3:26-cv-1184)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

39.    As a result of Defendants' unlawful conduct, Plaintiff spent more than ten months in prison. This constituted:

    a.    An unreasonable seizure in violation of the Fourth Amendment;

    b.    A violation of his right to Due Process under the Fifth and Fourteenth Amendments; and

    c.    Cruel and unusual punishment in violation of the Eighth Amendment.

40.    The prosecution against Rowell terminated in his favor when the circuit court dismissed the case on December 23, 2024.

41.    Plaintiff is entitled to his reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**
**(Abuse of Process – 42 U.S.C § 1983)**
**(Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)**
**(Against Both Defendants)**

42.    Plaintiff realleges and incorporates by reference the above paragraphs.

43.    As alleged above, Defendants acted with an ulterior purpose when they concealed exculpatory evidence or fabricated evidence against Rowell: they sought to have him punished for a crime he did not commit, the death of C.C.

44.    Defendants were acting under color of state law.

45.    The Defendants' acts of fabricating or concealing evidence were willful and improper.

46.    As a result of Defendants' unlawful conduct, Plaintiff spent more than ten months in prison. This constituted:

    a.    An unreasonable seizure in violation of the Fourth Amendment;

COMPLAINT - 6
(Case No. 3:26-cv-1184)

b.  A violation of his right to Due Process under the Fifth and Fourteenth Amendments; and

c.  Cruel and unusual punishment in violation of the Eighth Amendment.

47.  Plaintiff is entitled to his attorney fees and reasonable costs pursuant to 42 U.S.C. § 1988.

**THIRD CLAIM FOR RELIEF**
**(Fabrication of Evidence – 42 U.S.C. § 1983)**
**(Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)**
**(Against Both Defendants)**

48.  Plaintiff realleges and incorporates by reference the above paragraphs.

49.  As alleged above, Defendants fabricated evidence when they wrote in their reports that C.C. was "dead" or "deceased."

50.  Defendants were acting under color of state law.

51.  Defendants' acts of fabricating evidence were willful and improper.

52.  As a result of Defendants' unlawful conduct, Plaintiff spent more than ten months in prison. This constituted:

a.  An unreasonable seizure in violation of the Fourth Amendment;

b.  A violation of his right to Due Process under the Fifth and Fourteenth Amendments; and

c.  Cruel and unusual punishment in violation of the Eighth Amendment.

53.  Plaintiff is entitled to his attorney fees and reasonable costs pursuant to 42 U.S.C. § 1988.

COMPLAINT - 7
(Case No. 3:26-cv-1184)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**FOURTH CLAIM FOR RELIEF**
**(Failure to Disclose Exculpatory Evidence – 42 U.S.C. § 1983)**
**(Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)**
**(Against Both Defendants)**

54.    Plaintiff realleges and incorporates by reference the above paragraphs.

55.    As alleged above, Defendants failed to disclose material exculpatory evidence when they failed to inform DDA Copic or Rowell's defense counsel that C.C. was alive.

56.    Defendants were acting under color of state law.

57.    As a result of Defendants' unlawful conduct, Plaintiff spent several months in prison. This constituted:

   a.    An unreasonable seizure in violation of the Fourth Amendment;

   b.    A violation of his right to Due Process under the Fifth and Fourteenth Amendments; and

   c.    Cruel and unusual punishment in violation of the Eighth Amendment.

58.    Plaintiff is entitled to his attorney fees and reasonable costs pursuant to 42 U.S.C. § 1988.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for his costs and disbursements incurred herein and for the following in accordance with the proof at trial:

1.    Economic damages;

2.    Non-economic damages;

3.    Pre-judgment and post-judgment interest as appropriate and allowed by law;

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

4.    On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame; and

5.    Any other relief the court deems proper.

**DATED** this 11th day of June, 2026.

By:    _s/ Sara Long_
**Sara Long**, OSB No. 224433
Of Attorneys for Devin Rowell

COMPLAINT - 9
(Case No. 3:26-cv-1184)